Filed 7/23/13  P. v. Almira CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RONY GARCIA ALMIRA,<br><br>    Defendant and Appellant. | B242511<br><br>(Los Angeles County<br>Super. Ct. No. BA393453) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Affirmed.

David Reis Mishook, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Rony Garcia Almira was charged in an information with two counts of inflicting corporal injury on Sorayda Rodriguez, the mother of his child (Pen. Code, § 273.5, subd. (a)). Represented by appointed counsel, Almira pleaded not guilty to the charges.

On the morning of trial, the court denied as untimely Almira's motion to continue the trial so he could retain private counsel. According to the evidence at trial on January 29, 2012, Almira punched Rodriguez in the face, giving her a black eye. On or about December 23, 2011, Almira had repeatedly kicked Rodriguez, bruising her legs. Almira testified in his own behalf that Rodriguez had been the aggressor and he had acted in self-defense on both occasions.

The jury found Almira guilty of inflicting corporal injury on Rodriguez on January 29, 2012 as charged in count 1, but acquitted him of having committed the offense in December 2011, as charged in count 2.

At sentencing, the trial court suspended imposition of sentence and placed Almira on three years of formal probation on condition he serve 365 days in county jail with credit for 26 days served, complete domestic violence counseling and stay away from Rodriguez. The court ordered Almira to pay a $40 court security fee, a $30 criminal conviction assessment, a $400 domestic violence fund assessment and a $240 restitution fine. The court imposed and suspended a probation revocation fine pursuant to Penal Code section 1202.44.

We appointed counsel to represent Almira on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On April 17, 2013, we advised Almira he had 30 days in which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the record and are satisfied Almira's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**